IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ZACHARY S. POPE,<br><br>   Petitioner,<br><br>v.<br><br>WARDEN MS. C. CARTER,<br><br>   Respondent. | Civil Action No.:  PX-22-2734 |

**MEMORANDUM OPINION**

Pending is Zachary S. Pope's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241.  Pope asks the Court to vacate his sentence as unlawful.  ECF No. 1.  Respondent moved to dismiss or alternatively for summary judgment, which the Court construes as an Answer to the Petition.  ECF Nos. 7 & 9.  Pope has not replied.  No hearing is required.  *See* Rules 8(a) and 1(b), *Rules Governing Section 2254 Cases in the United States District Courts* and Local Rule 105.6 (D. Md. 2023).  For the reasons discussed below, the Petition will be dismissed as moot.

**I.     Background**

On November 25, 2008, the District of Columbia Superior Court sentenced Pope to 72 months' incarceration and five years' supervised release on two counts of sexual assault.  ECF No. 7-2 at ¶ 4.  As a condition of Pope's supervision, the United States Parole Commission ("Parole Commission") required that Pope "register as a sex offender, report to a supervision officer, submit to drug testing, participate in a special drug aftercare program, and participate in and comply with Global Positioning System location monitoring."  *Id.*

Pope's supervised release term started on February 13, 2013, and has since been revoked four times.  Each revocation is summarized below.

On December 9, 2015, the Parole Commission filed a violation notice against Pope for failing to (1) report to his supervision officer, (2) submit to drug testing, (3) participate in the drug aftercare program, and (4) comply with location monitoring. ECF No. 7-3. Pope also failed to maintain current sex-offender registration. *Id.* at 1. The Commission revoked Pope's supervised release and ordered that he serve a term of eight months' imprisonment, followed by lifetime supervised release. *Id.* Pope was released from prison term on April 27, 2016. ECF No. 7-2 at ¶ 6.

The Commission filed a second notice for subsequent violations on August 15, 2016, because Pope failed to report to his supervision officer. ECF No. 7-4 at 1. On this violation, Pope was ordered to serve five months' imprisonment, followed by 60 months' supervised release with the added supervision condition of participating in an "in-patient or outpatient mental health program." *Id.* Pope was release from prison on December 23, 2016. ECF No. 7-2 at ¶ 8.

On May, 19, 2019, Pope's supervised release was revoked a third time for failing to comply with a special sex offender aftercare condition and failing to attend required mental health sessions. ECF No. 7-5. For this violation, Pope was ordered to serve seven months' incarceration, followed by 36 months' supervised release. *Id.* at 1. Pope was released from prison on November 7, 2019. ECF No. 7-2 at ¶ 10.

On May 11, 2022, Pope was revoked a fourth time for leaving the District without permission and for failing to report a change in residence. ECF No. 7-6. The Parole Commission sentenced Pope to 16 months in prison and no supervised release to follow. *Id.* at 1. Pope appealed the Parole Commission's decision on May 23, 2022, which was denied on June 28, 2022. ECF No. 7-2 at ¶ 13; ECF No. 7-7. Pope was released from prison no later than March 13, 2023. *Compare* ECF No. 7-2 at ¶ 12 (attestation from General Counsel to release date of March 9, 2023)

*with* Bureau of Prisons on-line inmate locator reflecting Pope's release date of March 13, 2023. *See* https://www.bop.gov/inmateloc// (last visited May 8, 2024).

## II. Discussion

In his Petition, Pope principally argues that any tolling of his supervised release while serving a prison term for a revocation violates the Fifth, Eighth, and Thirteenth Amendments to the United States Constitution. ECF No 1. As a remedy, Pope urges the Court to vacate any "future custody" that the Parole Commission may order. *Id.*

Pope brings this Petition pursuant to 28 U.S.C. § 2241, which permits a petitioner to challenge the fact of his confinement. Section 2241(c) makes clear that "the writ shall not extend to a prisoner unless" he is in custody. *Id.* Pope is no longer in custody and is not serving a sentence. Accordingly, this Court lacks subject matter jurisdiction to proceed.

Article III of the United States Constitution confers jurisdiction to adjudicate "only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). Pope's release and removal from supervision "effectively dispel[s] the case or controversy during pendency of the suit," and so the Court has lost jurisdiction because it is now "powerless to decide the questions presented." *Ross v. Reed*, 719 F.2d 689, 693–94 (4th Cir. 1983). Put differently, because Pope is no longer under any criminal justice sentence, it is "impossible for [the] court to grant any effectual relief whatever to a prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (quoting *Knox v. Serv. Emps. Int'l Union, Loc. 1000*, 567 U.S. 298, 307 (2012)). Thus, the claim is moot.

Nor does anything suggest any exception to the mootness doctrine applies. Two relevant exceptions merit brief discussion. Where a petitioner is released from custody before the petition is adjudicated, the case is not moot if the petitioner could face collateral consequences from the

3

challenged error. *Leonard v. Hammond*, 804 F.2d 838, 842 (4th Cir. 1986). The petitioner must demonstrate the existence of such collateral consequences as "some concrete and continuing injury other than the now-ended incarceration." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)).

Second, if the legal question raised is "capable of repetition, yet evading review," *Leonard*, 804 F.2d at 842 (citing *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975)), then the issue may not be moot. So if a challenged action is too short in duration to be fully litigated, and a reasonable expectation exists that the same petitioner will be subjected to the same wrongful action again, then the claim may not be moot. *Id.*

Neither exception applies here. Pope's last sentence on revocation did not include any supervised release term to follow. Accordingly, because he has no expectation of any future custody, he will suffer no collateral consequences from the claimed error. Nor is the claim of unconstitutionality capable of repetition yet evading review. *Leonard*, 804 F.2d at 842. Because Pope's claim is moot and no exception to the mootness doctrine applies, the Petition will be dismissed.

Last, the Court declines to issue a certificate of appealability. A habeas petitioner has no absolute entitlement to appeal a district court's denial of the petition absent issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1) (Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from … the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or … the final order in a proceeding under section 2255"). A certificate of appealability must be considered in this case because the petition challenges a detention arising out of State court process.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).  Pope fails to meet this standard, but he may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

### III.   Conclusion

Because the claims raised in this Petition is moot, the Petition is dismissed.

A separate Order follows.

| 6/12/24 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |